In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-3077

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TAVIS D. DOYLE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:10-cr-30057-DRH-1—**David R. Herndon**, *Chief Judge.*

ARGUED JUNE 5, 2012—DECIDED SEPTEMBER 11, 2012

Before, BAUER, ROVNER, and HAMILTON, *Circuit Judges.*

BAUER, *Circuit Judge.* A jury found Tavis D. Doyle guilty of distributing a controlled substance that resulted in death. Doyle appeals his conviction, challenging the admission of a medical examiner's findings form without the opportunity to cross-examine the author of that form. We affirm.

## I. BACKGROUND

Tavis D. Doyle was convicted and sentenced to life in prison for distributing heroin that resulted in the death of Jonathan Ward. At trial, the Government needed to prove, and was successful in proving, that Doyle provided the heroin that killed Ward and that the heroin he provided was the sole cause of death.

To prove that it was heroin—and heroin alone—that caused Ward's death, the Government put two expert witnesses on the stand. The first was Dr. Christopher Long, a toxicologist, and the second was Dr. Phillip Burch, the St. Louis Deputy Chief Medical Examiner.

During direct examination of Dr. Burch, the Government began laying a foundation to admit into evidence the Medical Examiner's Post Mortem Report. At that point, Doyle's counsel, with the intention to "help things along," stated that he had no objection to *any* of the Government's medical reports coming in as evidence. So with no challenge by Doyle, the district court admitted into evidence all of the Government's medical exhibits. Included in those exhibits was Exhibit 95f, the Medical Examiner's findings form. The findings form, which is the subject of this appeal, was created by Dr. Timothy Dutra and contains notes—presumably Dr. Dutra's, although we do not know for certain—concerning Ward's cause of death. What is particularly troublesome for Doyle is that the findings form has a scratch-out on it. The form lists "Acute heroin *and cocaine intoxication*" (emphasis added) as the cause of death, but the words "and cocaine intoxication" are crossed out.

On appeal, Doyle argues that the admission of the findings form without the testimony of its author, Dr. Dutra, violated his Sixth Amendment right to confrontation. Doyle also lodges a few other challenges, claiming that the Government's excessive objections during his lawyer's cross-examinations violated his Sixth Amendment right to confrontation, and that the Government's "misconduct" during the trial deprived him of his Fifth Amendment right to a fair trial.

## II. DISCUSSION

The Government argues that Doyle has waived, or at least forfeited, his Sixth Amendment claim because he did not object to the admission of the findings form. The difference between waiver and forfeiture is that waiver precludes review, whereas forfeiture permits us to correct an error under a plain error standard. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). Forfeiture occurs by accident, neglect, or inadvertent failure to timely assert a right. *Id.*; *United States v. Cooper*, 243 F.3d 411, 415-16 (7th Cir. 2001). Waiver occurs when a defendant or his attorney manifests an intention, or expressly declines, to assert a right. *Cooper*, 243 F.3d at 415-16.

Doyle's counsel voluntarily and affirmatively stated that he had no objection to any Government exhibits being entered into evidence. Though that suggests waiver, the record indicates that Doyle's failure to object may have been actually an oversight. Doyle believed that all of the Government's exhibits being

entered into evidence, including the findings form, were created by Dr. Burch, who was available to provide live testimony. It was not until Doyle's counsel had the opportunity to cross-examine Dr. Burch that Doyle learned that Dr. Burch was not the author of the findings form. By then it was too late; the Government's evidence was in. So we will assume that there was only a forfeiture and review for plain error. *See United States v. Curtis*, 280 F.3d 798, 801 (7th Cir. 2002).

Under the plain error standard, a party asserting the error must establish (1) that there was in fact an error; (2) that the error was plain; and (3) that the error "affects substantial rights." *Unites States v. Van Allen*, 524 F.3d 814, 819 (7th Cir. 2008) (citations omitted). If these three requirements are met, we may exercise our discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (citations omitted).

The plain error asserted in this case is a Sixth Amendment Confrontation Clause violation that arises from the district court entering into evidence the Medical Examiner's findings form without cross-examination of the author of that form.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. In *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004), the Supreme Court held that the Confrontation Clause enables a defendant to bar the admission of testimonial statements of a witness who did not appear at trial unless the witness was unavailable to

testify and the defendant had a prior opportunity to cross-examine him. The Court further explained that "testimony" is a "'solemn declaration or affirmation made for the purpose of establishing or proving some fact.'" *Id.* at 51 (quoting 2 N. Webster, An American Dictionary of the English Language (1828)).

Assuming that the Medical Examiner's findings form is testimonial, and that its admission was an error, and a plain one at that, we need only decide whether Doyle's substantial rights were affected. We conclude that they were not.

Doyle argues that his inability to question Dr. Dutra about the notes and cross-outs on the findings form denied him a substantial right—*i.e.*, the right to confront a witness bearing testimony against him. The issue we face is whether the admission of the findings form without cross-examination of its author affected Doyle's substantial rights. And to convince us, Doyle must demonstrate that, but for the Confrontation-Clause error, the outcome of the trial probably would have been different. *United States v. Prude*, 489 F.3d 873, 880 (7th Cir. 2007). Doyle provides no evidence, much less an argument, to make that showing; instead he relies simply on a *Crawford* violation to prove that his substantial rights were affected. But the mere presence of a *Crawford* violation does not mean that the outcome of the trial probably would have been different; indeed, we find that, in this case, the error had no effect on the outcome.

The evidence presented at trial overwhelmingly established that Ward died from a heroin overdose and that

cocaine did not contribute to his death. In addition to the findings form, a toxicologist's report was entered into evidence and two live witnesses testified before the jury. At trial, the jury heard evidence that Dr. Burch attended the autopsy, collected the reports, reviewed the investigation narratives, and made a final determination on the cause of death. Moreover, he testified on these topics and gave his expert opinion that a heroin overdose caused Ward's death. The jury also heard live testimony from Dr. Long, who performed a forensic investigation of what caused Ward's death. Dr. Long testified that Ward had taken a lethal dose of heroin and that cocaine did *not* contribute to his death; his toxicology report was also admitted into evidence.

In light of the trial record as a whole, Doyle has not satisfied his burden to establish that the outcome of the trial would probably have been different. Because he cannot make that showing, we end our plain error analysis there. Lastly, after our extensive review of the record, we conclude that the Government's objections during Doyle's cross-examinations did not violate Doyle's Sixth Amendment right to confrontation. We also reject Doyle's claim that he was deprived of a fair trial as a result of the Government's "misconduct."

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the conviction.