In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3348

MARKITH WILLIAMS,

*Plaintiff-Appellant*,

*v.*

CHRISTOPHER DIEBALL, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:09-cv-00005 — **Rebecca R. Pallmeyer**, *Judge.*

ARGUED MAY 21, 2013 — DECIDED AUGUST 1, 2013

Before RIPPLE, WILLIAMS, and TINDER, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Markith Williams sued several
Chicago police officers for allegedly beating and stabbing him
the day after he retrieved his vehicle from the police station
parking lot. The trial was largely a credibility contest between
Williams and the police officers. To make Williams less
believable, the defendants presented evidence that Williams
had committed seven drug or gun felonies in the last 10 years.

The jury found for the defendants. Williams now seeks a redo of the trial because the district court, by allowing in the evidence of his prior convictions under Rule 609, did not articulate a probative-prejudice balancing analysis. However, the motion in limine filed by Williams to preclude the prior convictions did not ask the court to perform this balancing test. It simply gave a pro-forma recitation of the Rule 609 standard without any argument as to how or why the probative value of the convictions was substantially outweighed by the danger of unfair prejudice. Even after the defendants addressed the balancing issue, Williams did not file a reply, so the argument was not preserved for appeal. Williams also points to some inflammatory comments made by the defendants' counsel when referring to the prior convictions, but he did not object to those comments at trial. Though such comments were inappropriate, we do not find the comments to be so egregious that the district court plainly erred in failing to instruct the jury to disregard them. Therefore, we affirm.

## I. BACKGROUND

On July 22, 2007, Markith Williams was pulled over for allegedly running a stop sign. Because he had no proof of insurance, he and his car were taken to the Chicago police station. After he was cited, he left the station with his car. The next day, several officers approached Williams on the street. The officers claimed that he had wrongfully taken his car from the station the previous night, but Williams claimed that one of the officers said he could take the car from the station and gave him back his keys. The officers sought to tow his car, and Williams resisted. According to Williams, the officers beat him repeatedly, and after he was handcuffed and taken to the

police station, the physical abuse continued. According to the officers, Williams assaulted them, not the other way around, and the resulting handcuffing did not involve any unnecessary force. (Charges arising from Williams's alleged resistance were dropped.) Williams sued the officers for false arrest and excessive force under 42 U.S.C. § 1983.

Before trial, Williams's counsel filed a motion in limine, which was a little over two pages, asking the district court to preclude, among other things, evidence of: "Any facts tending to show that a Plaintiff was convicted of a crime on any occasion, not involving dishonesty or false statement or one for which the conviction and incarceration was over 10 years ago. F.R.Ev. 60[9]." The motion then read:

> Rule 609 of the Federal Rules of Evidence governs the admissibility of convictions of a crime. Rule 609(a) provides that evidence of a conviction is not admissible except to attack credibility on cross examination, and then only if (1) the crime was punishable by death or imprisonment in excess of one year; or (2) if the crime involved dishonesty or false statement, and (3) probative value outweighs prejudicial effect. Rule 609(b) provides that evidence of a conviction is not admissible if more than ten years has passed since the conviction and release from confinement.

It next argued for the exclusion of any facts related to the convictions beyond the charge and the sentence. Nothing else was said about Williams's request to preclude evidence of the convictions themselves. The motion concluded:

> Because the foregoing facts are irrelevant, and if placed before the jury would be highly prejudicial to the Plaintiff, the Plaintiff respectfully requests that the Court enter an Order precluding the defense from mentioning, commenting upon, arguing or otherwise conveying such facts to the jury, without first seeking leave of court outside the jury's presence.

The defendants opposed the motion. Their opposition brief first listed the prior felony convictions they wanted to admit, including several drug possession or distribution convictions and one conviction for aggravated unlawful use of a weapon, all of which occurred within the last 10 years. The brief, relying on several relevant cases, specifically argued that the convictions' probative value was not substantially outweighed by the danger of unfair prejudice by emphasizing the importance of credibility in the case and suggesting that someone who flouts society's norms is more likely to lie on the stand. It argued that the prejudicial value was limited because most of the felony convictions were non-violent. And it criticized Williams's motion for simply relying on "the text of the rule and the ipse dixit that admission of the evidence would be unfairly prejudicial," and noted that the motion failed to provide "any arguments or authorities" in support of any probative-prejudicial analysis. Lastly, the defendants agreed not to introduce evidence of any fact beyond the date, charge, and sentence involved in the convictions.

Williams's counsel did not submit a reply. The district court then denied the motion in a short minute order, stating:

Plaintiffs' motion in limine No. 1 to bar evidence of prior arrests or convictions, is granted in part and denied in part. Defendants assert that Plaintiff Williams has six felony convictions within the last ten years. Those convictions are admissible pursuant to FRE 609. The parties agree, however, that Defendants will offer only the date of the previous convictions, the charges, and the sentence imposed.

At trial, counsel for the defendants gave an opening statement which concluded with the following comments: "You have sitting here a seven-time convicted felon who will say or do anything to get money in this case… . [A]fter you hear all the evidence in this case, I am confident that you will tell Markith Williams, no, you are not going to use the courts to justify and be rewarded for your criminal conduct."[1] Williams's counsel did not object to these comments at trial. After the close of evidence, the jury entered a verdict in favor of the defendants, and Williams appealed.

## II. ANALYSIS

### A. Williams Failed to Preserve Rule 403 Balancing Argument

---

[1] As seen above, the district court referred to six prior felony convictions, while comments from the defendants' counsel at trial referred to seven. Williams does not complain about this discrepancy and it is, in any event, insignificant to our analysis.

Williams argues that a new trial is necessary because the district court failed to articulate the probative-prejudicial balancing analysis required by Rule 609 (which explicitly incorporates Rule 403) when it denied his motion in limine. *See* Fed. R. Evid. 609(a) ("The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction: (1) for a crime that … was punishable … by imprisonment for more than one year, the evidence: (A) must be admitted, subject to Rule 403, in a civil case…"). He correctly notes that a district court's "perfunctory consideration of [the Rule 403 test] … may in itself be grounds for reversal." *United States v. Loughry*, 660 F.3d 965, 975 (7th Cir. 2011) (citation and internal quotation marks omitted). It is undisputed that the district court did not articulate any evaluation of the probative value and prejudicial effect of Williams's prior convictions.

However, we agree with the defendants that Williams has failed to properly preserve this argument for appeal. We have repeatedly stated that "a party may not raise an issue for the first time on appeal. Consequently, a party who fails to adequately present an issue to the district court has waived the issue for purposes of appeal." *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 841 (7th Cir. 2010) (citations omitted). We have specifically emphasized that "a party has waived the ability to make a specific argument for the first time on appeal when the party failed to present that specific argument to the district court, even though the issue may have been before the district court in more general terms." *Id.; see also Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) ("It is a well-established rule that arguments not raised to the district court are waived

on appeal. Moreover, even arguments that have been raised may still be waived on appeal if they are underdeveloped, conclusory, or unsupported by law." (citations omitted)); *Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012) ("Milligan did not make that argument, either here or in the district court. His failure to do so forfeits the argument.").[2]

Williams did not present his probative-prejudicial balancing argument with any meaningful level of specificity. His motion in limine did nothing more than give a barebones recitation of the relevant standard (e.g., "probative value outweighs prejudicial effect"), then conclusorily state that it was met (e.g., "Because the foregoing facts are irrelevant, and if placed before the jury would be highly prejudicial to the Plaintiff …"). It did not explain how or why the balancing test should result in exclusion. *See Echo, Inc. v. Timberland Machines*

---

[2] In the criminal context, we have sought to cement the well-established difference between waiver and forfeiture, because the distinction determines whether plain error review applies: "The difference between waiver and forfeiture is that waiver precludes review, whereas forfeiture permits us to correct an error under a plain error standard. Forfeiture occurs by accident, neglect, or inadvertent failure to timely assert a right. Waiver occurs when a defendant or his attorney manifests an intention, or expressly declines, to assert a right." *United States v. Doyle*, 693 F.3d 769, 771 (7th Cir. 2012); *see also United States v. Adigun*, 703 F.3d 1014, 1021-22 (7th Cir. 2012); *United States v. Olano*, 507 U.S. 725, 733 (1993). In the civil context, however, the term "forfeiture" has not been consistently used as a way to signal whether plain error review applies. *See, e.g.*, *Milligan*, 686 F.3d at 386 (describing unpreserved arguments in civil case as "forfeited" without applying plain error review, and citing cases doing same). That may be because, as discussed *infra*, whether plain error review applies in the civil context does not depend solely on whether an argument was intentionally abandoned (waived) or inadvertently not raised (forfeited).

*& Irrigation, Inc.*, 661 F.3d 959, 967 (7th Cir. 2011) (three-sentence argument asserting consequences of opponent's breach of contract without explaining how contract was breached was "too skeletal, and amounted to a waiver"). The only argument of any substance in the motion focused on excluding facts other than the charge and sentence (which the defendants then agreed not to present), not the convictions themselves. *See Puffer*, 675 F.3d at 718 (plaintiff waived disparate impact argument, where plaintiff "only provided factual allegations and legal arguments to support her pattern-or-practice claim," not the disparate impact argument). The motion did not cite any probative-prejudicial balancing cases in support of excluding the convictions themselves. *See id.* (failure to cite cases also supporting finding of waiver). Even when the defendants clearly addressed the probative-prejudicial balancing issue and specifically pointed out this lack of substantive argument in their opposition brief, Williams's counsel did not file a reply. *See Pond v. Michelin N. Am., Inc.*, 183 F.3d 592, 597 (7th Cir. 1999) (argument waived when only perfunctorily presented in response to a motion for summary judgment directly addressing the issue). Under these circumstances, the district court may have concluded that Williams simply did not want to make a probative-prejudicial balancing argument when given the perfect opportunity to do so, a conclusion that would have been entirely justified. *Cf. Puffer*, 675 F.3d at 719 ("The minimal attention that the district court gave to plaintiff's disparate impact claim can be directly attributed to the scant support that plaintiff provided for this claim."); *Pond*, 183 F.3d at 597-98 ("The district court judge was

under no obligation to discover a separate claim of disparate treatment based on [the plaintiff's] offhand reference …").

Williams argues that he adequately preserved his argument for appeal because *the defendants* vigorously addressed it in their opposition brief before the district court. But to find that one party's argument was preserved because his *opponent* defended against it out of an abundance of caution would be to punish the opponent for being more thorough. We decline to impose such a rule, and Williams points to no cases that support its adoption. He also points out that if "'a party has presented a skeletal argument below, which the district court recognized and addressed, and which the party has now fleshed out and emphasized on appeal,'" that argument might be considered preserved. *Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 465 (7th Cir. 2012) (quoting *Bailey v. Local 374*, 175 F.3d 526, 529-30 (7th Cir. 1999)). But here, the district court did not "recognize[] or address[]" the argument in this case, nor was it required to do so given its barebones presentation. It is not the district court's job to flesh out every single argument not clearly made. *Cf. Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) ("'[I]t is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver.'" (citation omitted)). Judges are not clairvoyant, and if they were required to go out of their way to analyze every conceivable argument not meaningfully raised, their work would never end.

Given that the argument has not been preserved, we next consider whether to apply plain error review. Rule 103(e) of the Federal Rules of Evidence provides, "A court may take

notice of a plain error affecting a substantial right, even if the claim of error [in a ruling to admit or exclude evidence] was not properly preserved." As a result, we have held: "Plain error review of a forfeited evidentiary issue in a civil case is available only under extraordinary circumstances when the party seeking review can demonstrate that: (1) exceptional circumstances exist; (2) substantial rights are affected; and (3) a miscarriage of justice will result." *Estate of Moreland v. Dieter*, 395 F.3d 747, 756 (7th Cir. 2005) (citing *Stringel v. Methodist Hosp. of Ind., Inc.*, 89 F.3d 415, 421 (7th Cir. 1996); *Prymer v. Ogden*, 29 F.3d 1208, 1214 (7th Cir. 1994)); *see also Deppe v. Tripp*, 863 F.2d 1356, 1362 (7th Cir. 1988) (establishing above test in reliance on prior version of Rule 103(e)). The equitable considerations embodied in these criteria do not weigh in favor of applying plain error review. When a party has more than ample opportunity to present an argument but raises it in a perfunctory manner, it should not expect more than perfunctory consideration from the district court. *See Jackson v. Parker*, 627 F.3d 634, 640 (7th Cir. 2010) (no "exceptional circumstances" existed for plain error review, where "the district court did not have the opportunity to address Jackson's argument because he clearly set forth his only claim as one for false arrest"). Because plain error review does not apply, we do not address Williams's unpreserved argument concerning the need for probative-prejudicial balancing.

## B. Defendants' Inappropriate Comments During Opening Statement Did Not Amount to Reversible Error

Williams's brief also points to inflammatory language used by counsel for defendants in their opening statement to

describe Williams's prior convictions. Williams's counsel characterizes this language as a natural consequence of the district court's allowance of the prior convictions, and he explains that he did not object to these statements at the time because he did not want to seem like he was belatedly challenging the judge's prior ruling admitting the convictions. But objecting to the *way* certain evidence is being used by opposing counsel is not the same as objecting to the admission of the evidence *itself*. So even though the district court had already ruled that the evidence could come in, an independent objection to opposing counsel's inflammatory statements describing that evidence still could have been raised at trial. The failure of Williams's counsel to make such an objection also fails to preserve it for appeal.

Though we need not go further, *see Kafka v. Truck Ins. Exch.*, 19 F.3d 383, 385 (7th Cir. 1994) ("'no plain error doctrine exists [in civil cases] to remedy errors which are alleged to have occurred during closing argument'" (quoting *Deppe*, 863 F.2d at 1364)); *but see Moore v. Tuelja*, 546 F.3d 423, 430 (7th Cir. 2008) (appearing to suggest that the test applies to any unpreserved argument in a civil case); *Willis v. Lepine*, 687 F.3d 826, 839 (7th Cir. 2012) (same), we observe that even if plain error review applied, reversal would not be warranted. An error is considered plain when it is "at once indisputable and likely to have influenced the outcome." *Mays v. Springborn*, — F.3d —, 2013 WL 2504964, at *1 (7th Cir. June 11, 2013). We cannot say that the district court indisputably erred by failing to stop or mitigate the statements at issue (e.g., by alerting the jury to the statements' prejudicial nature). The statement, "You have sitting here a seven-time convicted felon who will say or do

anything to get money in this case," was strongly worded but it did focus on how Williams's prior convictions might affect his credibility.

As for the statement, "I am confident that you will tell Markith Williams, no, you are not going to use the courts to justify and be rewarded for your criminal conduct," which shortly followed, we do find that comment to be inappropriate, because it suggests that people with criminal records are entirely undeserving of compensatory remedies, and the jury was never instructed that Williams's prior convictions were only to be considered to determine his credibility. *See generally Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992) ("courts should be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her," since civil rights actions "'often pit unsympathetic plaintiffs-criminals, or members of the criminal class … against the guardians of the community's safety'" (citation omitted)). Yet they were not so egregious that allowing such comments or failing to provide mitigating instructions in response to them was obviously error. *See, e.g.*, *Wipf v. Kowalski*, 519 F.3d 380, 387-88 (7th Cir. 2008); *DeWitt, Porter, Huggett, Schumacher & Morgan, S.C. v. Kovalic*, 991 F.2d 1243, 1246-47 (7th Cir. 1993). The statement may simply have been referring (albeit obliquely) to the impact of Williams's criminal record on his credibility, or "criminal conduct" may have referred generally to what the defendants allege was Williams's violent resistance on the day of the incident. More importantly, Williams does not suggest that such inflammatory comments, which were part of an opening statement whose transcript spanned nine pages, dominated the trial. *See Banister v. Burton*, 636 F.3d 828, 834 (7th Cir. 2011)

("improper comments during closing argument rarely rise to the level of reversible error," especially "when the comment is merely a brief and unrepeated part of a lengthy argument" (internal quotation marks and citation omitted)). Indeed, at closing argument, counsel for defendants simply argued that the prior convictions were something to consider when deciding "who you want to believe," or "whether or not to believe [Williams]," and explicitly disavowed any suggestion that Williams was not entitled to recovery simply because he was a felon (i.e., "[I]t really got to me when counsel was arguing … that I have suggested to you that the reason you should … find against Markith Williams is because he has been convicted seven times of felonies. I have never said that and wouldn't say that."). That was entirely proper. Defendants' counsel reinforced this point by saying the judge would "tell you when you decide who you want to believe, you can consider this is a seven-time convicted felon." Though the district court did not ultimately give this instruction, Williams's counsel did not object to this comment or suggest that such an instruction was incorrect at the time, during his rebuttal, or before the court instructed the jury. Because there was no indisputable error, no reversal is warranted in connection with the comments made during the defendants' opening statement.

### III. CONCLUSION

For the above-stated reasons, we AFFIRM.