NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2014[*]
Decided January 23, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-2518

| | |
|---|---|
| GERALD J. FOSTER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Indiana, Fort Wayne Division. |
| *v.* | |
| | No. 1:10-cv-49-RBC |
| JÈAN GIGLI, | |
| *Defendant-Appellee*. | Roger B. Cosbey, |
| | *Magistrate Judge*. |

**O R D E R**

Gerald Foster claimed in this lawsuit under 42 U.S.C. § 1983 that Jèan Gigli, a police officer in Fort Wayne, Indiana, violated the Fourth Amendment by arresting him inside his home without a warrant or even probable cause. A magistrate judge, presiding by consent, granted summary judgment to Gigli on the claim that Foster was arrested without probable cause, and a jury rejected Foster's testimony that the officer

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

forcibly entered his home to make the warrantless arrest. On appeal Foster challenges both outcomes. We affirm the judgment.

The facts underlying Foster's arrest were undisputed. In December 2009 he sold cocaine to an informant with surveillance officers watching and listening to the transaction. Three weeks later Brian Martin, the Fort Wayne police detective who authorized and helped surveil the drug buy, swore out a probable cause affidavit for Foster's arrest. Martin then told Gigli, also a detective, about the informant's drug buy and asked Gigli to arrest Foster. Gigli and a third detective went to Foster's apartment to serve him with the affidavit and arrest him for dealing cocaine in violation of IND. CODE § 35-48-4-1.

What happened next was disputed. At the apartment Gigli knocked on Foster's door and announced he was a police officer investigating a 9-1-1 hang-up. According to Gigli the ruse worked and caused Foster to open the door. Foster rejoined that he shouted from inside the apartment that Gigli was at the wrong address and unlocked the door only because the officer then threatened to break it down. At trial Gigli testified that after Foster opened the door he made the arrest in the doorway to the apartment (and thus in a public place, *see United States v. Santana*, 427 U.S. 38, 42 (1976)). Foster countered that Gigli opened the door himself and forced his way into the apartment to make the arrest.

Foster made incriminating statements after his arrest, and in his criminal case he successfully moved to suppress those statements. *State v. Foster*, 950 N.E.2d 760, 763 (Ind. Ct. App. 2011). In state court Foster conceded that the detectives had probable cause to arrest him, and he also said that his girlfriend, not Gigli, opened the apartment door. *Id.* at 761–62. The Indiana courts concluded that Gigli violated the Indiana constitution by employing a ruse to enter the apartment and make the arrest. *Id.* at 762; *see* IND. CONST. ART. 1, § 11. State prosecutors then dismissed their case against Foster. Meanwhile, Foster filed this suit alleging that Gigli's actions violated the federal Constitution. (Foster also named Detective Martin as a defendant, but the claims against him were screened out by the district court, and Foster does not contest that ruling.)

After the magistrate judge granted partial summary judgment for Gigli on the ground that the undisputed evidence established probable cause to arrest Foster, the parties litigated several motions *in limine* in anticipation of trial on the remaining claim that Gigli had forced his way into the apartment to make the warrantless arrest. Relevant to this appeal, Gigli moved to prevent Foster from alluding to the outcome of

his state prosecution or testifying that he was "illegally arrested." The officer prevailed, and the magistrate judge said nothing to suggest that the ruling might be reconsidered after the trial commenced. Following trial, which essentially pitted Foster against Gigli, the jury rejected Foster's claim that the officer unlawfully entered his apartment to make the arrest.

On appeal, Foster first argues that the magistrate judge improperly granted summary judgment to Gigli on his claim of unlawful arrest. But Foster did not dispute that Gigli was aware, having been informed by Detective Martin, that Foster had sold cocaine to an informant with Martin and other surveillance officers watching. That drug transaction established probable cause. *See United States v. Johnson*, 655 F.3d 594, 601 (7th Cir. 2011); *United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006). And probable cause is an absolute defense to a claim of unlawful arrest. *Padula v. Leimbach*, 656 F.3d 595, 601 (7th Cir. 2011); *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010).

Foster next argues that he should have been permitted to introduce evidence concerning his state prosecution. For those objections that Foster properly preserved, the record does not reveal that the magistrate judge abused his discretion. Lay testimony offering legal opinions is improper, *United States v. Noel*, 581 F.3d 490, 496–97 (7th Cir. 2009); *United States v. Wantuch*, 525 F.3d 505, 514 (7th Cir. 2008), so it was not error to prevent Foster from asserting this his arrest was "illegal" or testifying to the circumstances under which a warrantless arrest is permitted, as these are legal determinations. Moreover, we have no quarrel with the magistrate judge's conclusion that allowing the jury to hear that the criminal charges against Foster were dismissed would have confused the issues in this civil suit. The state's reasons for dismissing the charges have little to do with whether Gigli entered Foster's home before arresting him. The district court, therefore, reasonably exercised its discretion to prevent introduction of this evidence. *Cf. Estate of Moreland v. Dieter*, 395 F.3d 747, 755 (7th Cir. 2005).

To the extent Foster challenges the fact that the jury did not hear about the ruling on his state-court motion to suppress, we see nothing in the record suggesting that the magistrate judge excluded this evidence. Rather, it appears that Foster's counsel made a shrewd choice not to elicit evidence about the state court's ruling, perhaps because in state court Foster himself had taken the position that his girlfriend had opened the door and allowed Gigli to enter the apartment before making the arrest. *Foster*, 950 N.E.2d at 762. That scenario not only contradicts Foster's testimony in this trial, but undermines Foster's claim of an unlawful entry: The "subterfuge" that troubled the state court, *see id.*, is entirely permissible under federal law, *see United States v. Leung*, 929 F.2d 1204,

1208 (7th Cir. 1991); *In re John Doe Trader No. 1*, 894 F.2d 240, 243 (7th Cir. 1990); *United States v. Vasiliavitchious*, 919 F. Supp. 1113, 1116–17 (N.D. Ill. 1996). Indeed, Foster's admissions in state court that his girlfriend opened the door to Gigli and allowed the officer to enter the apartment should have estopped Foster from asserting in federal court that the officer had opened the door and forced his way into the house. *See New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001); *Butler v. Vill. of Round Lake Police Dep't*, 585 F.3d 1020, 1022–23 (7th Cir. 2009).

Foster also raises a host of evidentiary challenges for the first time on appeal. These new challenges are waived unless plain error exists. *See* FED. R. EVID. 103(e); *Williams v. Dieball*, 724 F.3d 957, 963 (7th Cir. 2013); *Wallace v. McGlothan*, 606 F.3d 410, 421 (7th Cir. 2010). It is Foster's burden to demonstrate that "extraordinary circumstances" exist to justify plain-error review, *see Jimenez v. City of Chicago*, 732 F.3d 710, 720 (7th Cir. 2013); *Estate of Moreland*, 395 F.3d at 756, and he has not met that burden. Foster also challenges the sufficiency of the evidence underlying the jury verdict on his unlawful-entry claim. But Foster never moved under Federal Rule of Civil Procedure 50 for judgment as a matter of law, so his sufficiency argument is foreclosed on appeal. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006); *Consumer Prods. Research & Design, Inc. v. Jensen*, 572 F.3d 436, 437–38 (7th Cir. 2009); *Maher v. City of Chicago*, 547 F.3d 817, 824 (7th Cir. 2008).

AFFIRMED.