NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2016
Decided January 7, 2016

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2231

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 14-40098-001 |
| KEVIN L. BROWN, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

## O R D E R

Over a two-year period Kevin Brown collected pseudoephedrine in order to cook methamphetamine. Brown pleaded guilty to conspiring to manufacture methamphetamine and was sentenced as a career offender, *see* U.S.S.G. § 4B1.1, to 188 months' imprisonment and 4 years' supervised release. He appeals, but his appointed lawyer contends that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief explains the nature of the case and discusses potential issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears to be thorough, and Brown has declined to respond to counsel's motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel discusses only potential sentencing issues. He explains that Brown does not want his guilty plea set aside, so he appropriately forgoes discussing the voluntariness of the plea or the adequacy of Brown's plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). The first potential sentencing issue is whether Brown could challenge the amount of pseudoephedrine attributed to him in his presentence report. Counsel correctly concludes that the error was irrelevant to the district court's calculation of Brown's sentence. Paragraph 21 of the PSR attributed to Brown 177 boxes of pseudoephedrine at .72 grams per box, resulting in 127.44 grams of pseudoephedrine. Brown objected to this calculation, and in an allocution to the district court admitted responsibility for only 66 boxes of pseudoephedrine at 2.4 grams per box, yielding 158.4 grams of pseudoephedrine. But these amounts do not change Brown's base offense level because, when converted to the marijuana equivalent units (1,584.4 kg and 1,274.4 kg respectively), both yield a base offense level of 30 (for 1,000 kg to 3,000 kg of marijuana). *See* U.S.S.G. § 2D1.1 cmt. n.8(D).

And anyway, as counsel points out, the amount of drugs attributable to Brown was irrelevant because his sentence was controlled by his career-offender designation. S*ee* U.S.S.G. §§ 4B1.1(a) & cmt. n.1, 4B1.2(b). Brown was convicted in Illinois in 2003 for aggravated domestic battery for beating his wife, *see* 720 ILCS 5/12-3.3, and was convicted of unlawful possession of the chemicals necessary to manufacture methamphetamine in 2005, *see* 720 ILCS 646/30. Both are adult convictions for crimes punishable by imprisonment for at least a year, *see* U.S.S.G. § 4B1.2(c) & cmt. n.1 (defining "prior felony conviction"). So the two state convictions suffice to make Brown a career offender. *See id.*

Counsel next considers whether he could make other nonfrivolous procedural arguments about Brown's guideline range and correctly concludes that he could not. The district court acknowledged Brown's principal arguments about his traumatic childhood (absentee parents and early exposure to drugs), but explained that, at 44 years old, Brown was "old enough to know better." Since the district court addressed Brown's primary mitigation arguments, it would be frivolous to argue procedural error. *See United States v. Modjewski*, 783 F.3d 645, 654–55 (7th Cir. 2015); *United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014); *United States v. Garcia-Segura*, 717 F.3d 566, 568–69 (7th Cir. 2013).

Counsel next rejects as frivolous any argument that Brown's low-end sentence is substantively unreasonable. The guidelines range for Brown's offense level is 188 to 235

months, and the district judge imposed a 188-month sentence. As counsel notes, within-guidelines prison sentences are presumed reasonable on appellate review. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Kappes*, 782 F.3d 828, 846 (7th Cir. 2015). Counsel acknowledges that the district court properly considered the § 3553(a) factors, particularly Brown's extensive history of substance abuse and crime and his failure to "learn" from his "previous run-ins with the law." Counsel has not identified any reason to question the presumption of reasonableness, nor have we.

Finally, counsel considers whether Brown could challenge any of his conditions of supervised release, but correctly concludes that any challenge has been waived, so an appeal would be pointless. Brown had notice of those proposed terms and their justifications one month in advance of sentencing. *See Kappes*, 782 F.3d at 842–43 (noting "best practice" of giving defendants advance notice of conditions being considered). The district court asked Brown if he had reviewed the recommended terms of supervision contained in the presentence report and if he had any objections. Through counsel, Brown acknowledged he had read them and had no objections. Thus, Brown has expressly declined to challenge the terms of supervised release. *See United States v. Doyle*, 693 F.3d 769, 771 (7th Cir. 2012).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.