NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2016[*]
Decided February 3, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2732

| | |
|---|---|
| TRINA L. CARPENTER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 15 C 6135 |
| PNC BANK, NATIONAL ASSOCIATION, | Rebecca R. Pallmeyer, |
| *Defendant-Appellee.* | *Judge.* |

**ORDER**

Trina Carpenter brought this federal suit to challenge the validity of a recent foreclosure judgment entered against her in state court. The district court dismissed her suit at screening for lack of subject-matter jurisdiction. We affirm.

---

[*] Appellee PNC Bank was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

We present the facts alleged in Carpenter's complaint (as clarified in her appellate brief), which we accept as true for purposes of this appeal. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 823 (7th Cir. 2014). Carpenter took out a mortgage in 2004 to purchase a house in Chicago. Five years later the pipes in the house burst, causing substantial water damage. Her insurance company denied coverage for most of the damage, so she sued it in state court, leading to a settlement. Around the same time, the mortgage holder, PNC Bank, filed a foreclosure complaint in the Circuit Court of Cook County. The state trial court issued a judgment of foreclosure against Carpenter in May 2015.

Carpenter then sued PNC Bank in federal court. She characterizes her federal action as "an ongoing case from the lower court of Cook County." The foreclosure judgment, she asserts, resulted from "insufficient information and incomplete loan history." Because the foreclosure suit was unfounded, Carpenter contends that the judgment allowed PNC Bank to get away with "unfair business practices" and "harassment" of Carpenter and her family. PNC's actions, she contends, violated her civil rights under 42 U.S.C. §§ 1983, 1985, and 1986. The district court dismissed her complaint at screening, *see* 28 U.S.C. § 1915A, concluding that it lacked jurisdiction to interfere in state court proceedings.

On appeal Carpenter identifies no error in the district court's screening order. Instead, she raises a myriad of new allegations about PNC Bank's conduct. Some of these attack the state foreclosure judgment. For example, she appears to believe that the judgment of foreclosure was wrong because she purchased the house not knowing that it contained "hidden defects" (presumably related to the pipes that burst), obligating PNC Bank, as her mortgagee, to pay to repair the damage instead of foreclosing. Other allegations concern events that may pre-date the state suit. She accuses PNC Bank of harassing her family with threatening letters and phone calls, interfering with her wireless internet and phone services, and orchestrating her son's wrongful conviction for theft. According to Carpenter, such actions on the part of PNC Bank violate federal criminal, civil-rights, antitrust, and consumer-protection laws.

The district court was correct to dismiss Carpenter's case for lack of jurisdiction. The first jurisdictional problem with the complaint is that, by relying only on the federal civil rights statutes, she needed to allege that PNC is a state actor (42 U.S.C. § 1983), or it conspired with others to deny her equal protection (*id.* § 1985), or it refused to stop such a conspiracy (*id.* § 1986). Because she has not, the complaint does not engage federal-question jurisdiction. *See Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807

(7th Cir. 2015) (ruling that a civil rights suit against a private lender alleging wrongdoing in a state foreclosure proceeding did not engage federal-question jurisdiction).

Second, and apart from this problem, under the *Rooker-Feldman* doctrine a federal district court is powerless to remedy alleged mistakes in a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine prevents district courts from adjudicating the claim, which Carpenter appears to raise in her complaint, that because the judgment against her in the foreclosure suit was unfounded, the state court allowed PNC Bank to get away with "harassment." *See Harold v. Steel*, 773 F.3d 884, 886–87 (7th Cir. 2014); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646–47 (7th Cir. 2011) (concluding that challenge to validity of state judgment of foreclosure was barred by *Rooker-Feldman*). We recognize that, because a judgment of foreclosure precedes a sale (which Carpenter would like to stop) of the foreclosed property and a deficiency judgment, Carpenter's judgment may not yet be appealable under state law. *See HSBC Bank USA, N.A. v. Townsend*, 793 F.3d 771, 775–77 (7th Cir. 2015); *Wells Fargo Bank, N.A. v. McCluskey*, 999 N.E.2d 321, 325 (Ill. 2013). But that distinction does not help Carpenter here because "[a] truly interlocutory decision should not be subject to review in *any* court; review is deferred until the decision is final." *Harold*, 773 F.3d at 886 (emphasis in original).

The third problem is that, for events alleged for the first time on appeal that do not challenge the foreclosure judgment, Carpenter presents no grounds for reversal. A plaintiff may not raise on appeal entirely new claims for relief. *Kathrein v. City of Evanston, Ill.*, 752 F.3d 680, 689 (7th Cir. 2014); *Williams v. Dieball*, 724 F.3d 957, 961 (7th Cir. 2013). Because Carpenter's new allegations on appeal do not merely elaborate on her complaint's challenge to the state court judgment but advance a plethora of unrelated grievances, they cannot justify disturbing the judgment of dismissal.

We typically expect district courts to give pro se litigants one opportunity to amend after dismissing a complaint. *See Tate v. SCR Med. Transp.*, No. 15-1447, 2015 WL 9463188, at *2 (7th Cir. Dec. 28, 2015). But that's unnecessary where, as here, "it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). Carpenter could not have cured her complaint's flaw, which is that the federal district court lacked jurisdiction over a civil rights suit that attacks a state foreclosure judgment or a private party for seeking that judgment.

Accordingly the judgment of the district court is **AFFIRMED**, and the pending Motions to Stay the Judicial Sale are **DENIED**.