**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2018[*]
Decided May 11, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-3269

| | |
|---|---|
| TRINA L. CARPENTER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 C 4683 |
| JESSE WHITE, et al., *Defendants-Appellees*. | Harry D. Leinenweber, *Judge*. |

**O R D E R**

Trina Carpenter appeals the dismissal of her suit against employees of the Illinois Secretary of State's office involved in the suspension of her driver's license. Her complaint seems to assert that her license would not have been suspended (for unpaid

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C).

tickets) had the defendants not failed to intervene in the mortgage fraud, identity theft, and other misfortunes that, she says, caused the non-payment—and that have been the subject of prior cases before us, *see Carpenter v. City of Chicago*, No. 17-3046, 2018 WL 1633471, at *1 (7th Cir. Apr. 5, 2018) (nonprecedential decision) (*Carpenter II*); *Carpenter v. PNC Bank, Nat'l Ass'n*, 633 F. App'x 346, 347 (7th Cir. 2016) (*Carpenter I*). At screening the district court surmised allegations that Carpenter was deprived of her driver's license without due process of law, but dismissed the complaint in part because Carpenter had state-court remedies available. Carpenter then amended her complaint, but the district court again concluded that it failed to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915A(b)(1). We affirm the judgment.

As in her prior cases, Carpenter does not discuss any error in the district court's screening order. In fact, her brief is nearly identical to the one she filed in *Carpenter II*, except she has added a paragraph explaining that her daughter has had another vehicle impounded and that she has "turned in a great amount of evidence" of the Secretary's negligence to the district judge in this case. She also expands her summary of complaints about her troubles that she has brought to various federal agencies, from the Department of Justice to the United States Postal Service. To the extent she presents a legal argument, it pertains to a dispute with PNC Bank that was addressed in *Carpenter I*.

Because Carpenter fails to identify any errors committed by the district court, she treads closely to the dismissal of her appeal. *See* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). But we generously construe her pro se brief as arguing generally that she stated a claim about the wrongful suspension of her driver's license.

The attachments incorporated into Carpenter's amended complaint doom a claim that her license was suspended without due process of law. She was notified by mail that her license was suspended because she had more than ten unpaid parking violations, *see* 625 ILCS 5/6-306.5(a), and she was offered a hearing to contest that conclusion. Nothing more was necessary. *Dixon v. Love*, 431 U.S. 105, 113–15 (1977).

Carpenter attended a hearing, but she says that the defendants "fail[ed] to follow the correct procedures" in that proceeding. Such a failure, however, does not give rise to a due-process claim. A state employee's violation of procedure is not an injury that the state is able to foresee and prevent through pre-deprivation process. *See Easter House*

*v. Felder*, 910 F.2d 1387, 1404–05 (7th Cir. 1990) (en banc). Because of this, adequate post-deprivation remedies are all that is constitutionally required for a person who alleges she was deprived of property under those circumstances. *See id.* Carpenter had the opportunity to seek review of the administrative decision by filing an action in the Illinois Circuit Court. *See* 735 ILCS 5/3-103 to -104. Though she had no duty to "exhaust" her state remedies before filing this lawsuit, "we do not allow a plaintiff to claim that she was denied due process just because she chose not to pursue remedies that were adequate." *Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003). As Carpenter provides no reason why her right to review in state court was inadequate, her complaint was properly dismissed.

Carpenter also complains that the district court wrongly denied her three motions for recruited counsel. But she would be hard-pressed to show a reasonable likelihood that having an attorney would have made a difference here. *See Pruitt v. Mote*, 503 F.3d 647, 659 (7th Cir. 2007). Her own pleadings show that she received due process, and a lawyer could do nothing to revive her bygone claims of mortgage fraud and identity theft.

This is Carpenter's third appeal from separate cases relating to the same course of events. Further repetitious or frivolous appeals to this court may result in sanctions. *See* FED. R. APP. P. 38.

AFFIRMED