**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 22, 2019[*]
Decided April 29, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-3221

| | |
|---|---|
| JERRY DILLON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 C 9165 |
| VILLAGE OF FLOSSMOOR, et al., *Defendants-Appellees*. | Sara L. Ellis, *Judge*. |

**O R D E R**

Jerry Dillon sued the Village of Flossmoor, village officials, and a grocery store chain, alleging that they conspired to frustrate his sale of land and swindle it away from him for their own gain. The district court dismissed his complaint because he was not the real party in interest to any claim concerning the property. We affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

We take the facts from the complaint and its attachments, in addition to documents that are critical to the complaint and referred to in it and information subject to proper judicial notice, and view them in the light most favorable to Dillon. See FED. R. CIV. P. 10(c); *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). In 2002 an Illinois corporation named D & M Enterprises of Illinois, Ltd. purchased a plot of land in Flossmoor for Dillon's dental practice. Ten years later, the Illinois secretary of state involuntarily dissolved D & M Enterprises; the land apparently reverted to D & M's parent corporation, Dillon Dental Services, Ltd.,[1] which, in turn, was wholly owned by plaintiff-appellant Dillon. Dillon listed the lot for sale in 2013 and, after about a year, a developer approached him feigning interest in purchasing it. According to Dillon, the developer secured unspecified information about the lot and then shared it with an "alliance"—his development company, the Village of Flossmoor and a grocery store chain—which later used the information so that the village could acquire the tax-delinquent property through a Cook County "scavenger sale." In the meantime, Dillon adds, village officials discouraged interested parties from purchasing the lot from Dillon, suggesting that potential buyers wait and buy it from the village.

Dillon, pro se, sued the developer, the developer's company, the grocery store chain, the village, and several village officials. He claimed that they breached the "public trust," tortiously interfered with his contractual relations, committed racketeering, 18 U.S.C. § 1962, and violated his civil rights, 42 U.S.C. § 1981. The defendants moved to dismiss, arguing that Dillon did not own the property and thus was not a real party in interest who could bring suit. In response, Dillon (now with counsel) simultaneously asserted that he was pursuing a "derivative" suit as a majority shareholder of D & M Enterprises and that he became the lot's sole owner upon D & M's dissolution (even though D & M had two shareholders).

The district judge then ordered briefing addressing whether Dillon was impermissibly asserting the rights of a third party.[2] Responding to the court's order,

---

[1] Dillon referred to "Dillon Dental Services, LLC," but as the defendants and the district court observe, only "Dillon Dental Services, Ltd." is registered with the Illinois Secretary of State, so we too presume this was merely a typographical error.

[2] The district court discussed this question by referencing the doctrine of "prudential standing"; however, we have clarified that "whether a shareholder has the ability to assert a corporation's rights is a matter determined under the substance of corporate and agency law rather than federal jurisdiction." *Knopick v. Jayco, Inc.*, 895 F.3d 525, 529 (7th Cir. 2018) (citing *Lexmark Int'l, Inc. v. Static Control Components,*

Dillon once more presented new allegations. This time, he reported that D & M was a subsidiary of Dillon Dental Services, of which Dillon was the sole shareholder and to which the property reverted during D & M's winding down. Citing Federal Rule of Civil Procedure 17(a), the judge dismissed Dillon's complaint. She explained that "Dillon [did] not claim that he as an individual ever owned the [p]roperty," and that Dillon cannot sue as an individual to enforce the rights of either D & M Enterprises or Dillon Dental Services.

On appeal, Dillon (again pro se) acknowledges that his pleadings "provide[d] conflicting allegations." Nevertheless, he argues that he is the real party in interest because he is the rightful owner of the lot. How he believes he came to own the lot that belonged to D & M Enterprises, though, is unclear: Dillon asserts, inconsistently, both that (1) when the corporation dissolved, the property passed to him as the majority shareholder and (2) it passed to his other company, Dillon Dental Services.

Regardless of whether the "power to dismiss this case on prudential standing grounds … survives *Lexmark*," *Knopick*, 895 F.3d at 530, the district court was right to dismiss Dillon's case because he is not the real party in interest. See FED. R. CIV. P. 17(a). If Dillon Dental Services is the property's rightful owner, "a natural person [normally] is not the real party in interest for bringing a suit based on a corporation's rights, even when the person is the sole owner of the corporation." *Knopick*, 895 F.3d at 529 (citing *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 477 (2006)). Though Dillon asserts that he suffered a unique personal injury of his own, he does not say what that injury is, and we see none. We will not consider his conclusory allegation. See *Williams v. Dieball*, 724 F.3d 957, 961 (7th Cir. 2013). And because Dillon alleged in the district court that Dillon Dental Services owns the property, we cannot allow him to argue on appeal that he is the owner. See *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017).

Dillon suggests that, if we cannot conclude that he owns the land personally, we should construe his case as a shareholder derivative suit on behalf of the dissolved corporation, D & M Enterprises.[3] But even setting aside this proposal's other flaws,

---

*Inc.*, 572 U.S. 118, 127 (2014)); see also *United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 645 (7th Cir. 2015) ("[L]abels like 'prudential standing' and 'statutory standing' are misleading and should be avoided.").

[3] Because D & M is dissolved, we note that our analysis would not change if Dillon instead argued that he brought this suit as a shareholder of Dillon Dental Services.

Dillon admits that he, as a shareholder, never demanded that the corporation's directors pursue this action, and his argument that this "formality" should be set aside as futile is meritless. He argues that a demand would have been futile because he maintained "decision-making powers" over D & M. But that serves only to demonstrate that his suit is not "derivative" at all; with Dillon in control, nothing stopped D & M from suing to protect its own rights. In any case, in Illinois, a demand is excused only if, "under the particularized facts alleged, a reasonable doubt is created that: (1) the directors are disinterested and independent [or] (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." *Westmoreland Cty. Employee Ret. Sys. v. Parkinson*, 727 F.3d 719, 725 (7th Cir. 2013) (quoting *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984)); see also *In re Abbott Labs. Derivative Shareholders Litig.*, 325 F.3d 795, 803 (7th Cir. 2003)). Dillon does not allege that either condition is present here.

Lastly, Dillon argues that the district court erred in denying him additional time to substitute the real party in interest. See FED R. CIV. P. 17(a)(3). But he maintains that *he* is the real party in interest, and he has never said what entity he would like to substitute as plaintiff. Moreover, Dillon first raised Rule 17(a)(3) in his response to the defendants' motion to dismiss—five months before the court dismissed the case. Although he claims to control Dillon Dental Services and D & M Enterprises (before its dissolution), neither corporation ever sought to participate in this litigation. The court did not abuse its discretion. See *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017) (reviewing for abuse of discretion); *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 43–44 (2d Cir. 2005) (same).

AFFIRMED